**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| SCOTT BARICH, ) | CASE NO. 1:22-cv-365 |
| ) | |
| Plaintiff, ) | JUDGE CHARLES E. FLEMING |
| ) | |
| v. ) | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| ) | |
| CITY OF EUCLID, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### I. Procedural History

On August 9, 2022, Defendants filed a motion to dismiss the "Doe" Defendants pursuant to Fed R. Civ. P. 12(b)(4) and 12(b)(5) and dismiss Plaintiff's claims against all Defendants pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 10). Plaintiff did not oppose the motion or request an extension of time to do so. Local Rule 7.1(g) authorizes the Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." The time for filing opposition has long since passed.

Where Plaintiff has not raised arguments by virtue of his failure to oppose a motion to dismiss, those arguments are waived. *See Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008). A district court's power to grant dispositive motions because they are unopposed is firmly settled. *See Caroline's Kids Pet Rescue v. Lake Human Society*, 2022 WL 80320 (N.D. Ohio Jan. 7, 2022) (citing to *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 WL 1277667 (N.D. Ohio

2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000))). However, the Court will briefly address the merits of the motion.

## II. Legal Standard

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to the Plaintiff, accepts the allegations of the complaint as true, and draws all reasonable inferences in the Plaintiff's favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

## III. Analysis

Plaintiff's amended complaint raises one federal cause of action, alleging fourth and fourteenth amendment violations under 42 U.S.C. § 1983. (ECF No. 8). Plaintiff alleged that Defendants violated his known constitutional rights, such as "the right to own property free of harassment and molestation of the government, to be free from false accusations/claims, and not be subjected to unwarranted and malicious prosecution." *Id.* Plaintiff alleges that the $50 fee that Defendants charge for a certificate of occupancy and the $200 fee for a rental application are "illegal/unconstitutional." *Id.* Plaintiff argues that it is City of Euclid policy to "inadequately

supervise and train its officers and other employees, thereby failing to adequately discourage further constitutional violations on the part of its officers and employees." *Id*.

Defendants argue that Plaintiff has not plausibly alleged that any municipal policy, practice, or custom caused the injuries alleged. (ECF No. 10, PageID 83). Defendants contend that Plaintiff's predominant grievance is with inconsistent practices in the enforcement of Euclid's policies concerning rental applications and point of sale applications by different city officials. (ECF No. 10, PageID 85). The Court agrees. Upon review of the amended complaint, Plaintiff's primary grievance is that certain City of Euclid inspectors are willing to conduct an exterior inspection of his property from the sidewalk, while others are not. (ECF No. 8). He does not allege that this is an issue with a City of Euclid policy, but rather he alleges the inconsistency is due to a lack of proper training. *Id*.

The only "policy" Plaintiff objects to is the fee associated with obtaining a Certificate of Occupancy and the fee for a rental application. (ECF No. 8). Defendants conducted a search for authority to support the propositions that an individual has a Fourth and/or Fourteenth Amendment right to exterior-only property inspections, and fee-free certificate of occupancy and rental applications; they found no results from either the Sixth Circuit or Supreme Court. (ECF No. 10, PageID 81). Defendants suggested that perhaps Plaintiff meant to allege a violation of his Fifth Amendment right to not have private property taken for public use without just compensation, rather than the Fourth Amendment. (ECF No. 10, PageID 82). However, as noted by Defendants, there are no alleged takings in the amended complaint. Consequently, Plaintiff's claim fails against all parties due to his failure to allege any plausible Fourth and/or Fourteenth Amendment violations.

Additionally, a failure to train theory of municipal liability requires "[a] pattern of similar

constitutional violations by untrained employees" in order to demonstrate "deliberate indifference to the rights of persons with whom the untrained employees come into contact." *Connick v. Thompson*, 563 U.S. 51, 61–62 (2011). Even if the Court found a deprivation of Plaintiff's constitutional rights, he failed to allege any similar constitutional violations by the City of Euclid either involving himself or involving third parties. Consequently, he fails to establish municipal liability via a failure to train theory.

Accordingly, the Court **GRANTS** Defendants' 12(b)(6) motion to dismiss and dismisses Plaintiff's second cause of action. The Court now lacks subject matter jurisdiction over this matter; the parties are not diverse and there is no remaining federal question. *See Washington v. Starke*, 855 F.2d 346, 351 (6th Cir. 1988) ("It is a clear rule of this circuit that if a plaintiff has not stated a federal claim, his pendant state law claims should be dismissed."). Accordingly, the Court **DISMISSES** this case without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED**.

Dated: February 14, 2023

_____
**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

4